# **GROUP EXHIBIT A**

Todd Carpenter (SBN 234464)
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Fax: (619) 756-6991
tcarpenter@carlsonlynch.com

Deval R. Zaveri (SBN 213501)
James A. Tabb (SBN 208188)
**ZAVERI TABB, APC**
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 398-4768
Fax: (619) 756-6991
dev@zaveritabb.com
jimmy@zaveritabb.com

Attorneys for Representative Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/26/2016** at 12:38:31 PM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

ROBERT DORFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

CVS PHARMACY, a Rhode Island corporation, and DOES 1-10,

Defendants.

Case No. 37-2016-00017884-CU-NP-CTL

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Violation of Telephone Consumer Protection Act (47 U.S.C. §§ 227 *et seq.*)

Plaintiff Robert Dorfman ("Plaintiff"), who brings this Class Action Complaint on behalf of himself and all others similarly situated against Defendant CVS Pharmacy ("CVS" or "Defendant") and Does 1 through 10, states:

## NATURE OF THE ACTION

1. This lawsuit is brought as nationwide consumer class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq* ("TCPA").

2. On November 28, 2015, Plaintiff received an autodialed call using a prerecorded/artificial voice (*i.e.*, a classic "robocall") from Defendant soliciting an unknown third party named "John" to refill a prescription. Plaintiff is not named "John," no one by that name is a customary user of his phone, and Plaintiff did not consent to receiving such a call (*i.e.*, a classic "wrong number" call). Since that date, Plaintiff has received at least eighteen (18) additional such wrong number robocalls from Defendant despite his efforts to have the calls stop. And Plaintiff is informed and believes that others throughout the United States have also received wrong number robocalls from Defendant. These calls constitute violations of the TCPA as set forth herein.

## PARTIES

3. Plaintiff Robert Dorfman resides in Rancho Santa Fe, California (in San Diego County), and is a citizen of California. Plaintiff is, and at all times mentioned herein was, a "person" as that term is defined in the TCPA at 47 U.S.C. § 153(39).

4. Defendant CVS Pharmacy is a Rhode Island corporation, with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island 02895. Defendant distributes, markets, and sells pharmaceutical and retail consumer products to consumers throughout the United States, including to tens of thousands of consumers in California, through its retail stores and on its website. Defendant is, and at all times mentioned herein was, a "person" as that term is defined by 47 U.S.C. § 153(39).

5. The true names and capacities, whether individual corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known.

6. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each defendant sued herein was the agent, servant, employer, joint venturer, partner, subsidiary, parent, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each remaining defendant sued herein.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims set forth herein pursuant to California Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10; and under 47 U.S.C. § 227(b)(3) (authorizing that TCPA private causes of action be brought in state court).

8. This Court has personal jurisdiction over Defendant because Defendant does extensive business in California, including in San Diego. Defendant has accepted payment in California for the transaction of business, which has caused it to incur both obligations and liabilities in California.

9. Venue is appropriate in San Diego County because Defendant does business in this county and a substantial part of the events or omissions giving rise to the claim occurred here: Plaintiff resides in San Diego County, and the harm occurred in San Diego County because Plaintiff was called here by Defendant.

10. The amount in controversy exceeds the jurisdictional minimum of this Court.

## FACTUAL ALLEGATIONS

11. Plaintiff is the subscriber of a wireless telephone number ending in "0000."

12. Plaintiff has received nineteen (19) calls on his wireless telephone from Defendant that were not "live" calls from a human being, but rather were prerecorded/artificial voice calls using a computerized voice with pauses for the computerized insertion of information specific to the recipient, as captured in messages left on Plaintiff's voicemail.

13. Plaintiff is informed and believes that the calls to him were made using an Automatic Telephone Dialing System ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1) and applicable regulations promulgated by the Federal Communications Commission ("FCC"). Evidence that these were autodialed calls includes, without limitation, that the calls never featured a human voice,

but rather used a computerized voice, and that Defendant's agent stated that the calls could not be stopped (as discussed further, *infra*).

14. The robocalls were made to solicit a third-party named "John" to purchase a prescription refill. Plaintiff is not named "John," and no one named "John" is a customary user of Plaintiff's telephone. Thus, the robocalls were classic "wrong number" calls.

15. In each instance, the calls left a variation of the following prerecorded/artificial voice message on Plaintiff's voicemail:

> Hello. This is CVS Pharmacy. Our records indicate that it's time for John [] to refill a prescription. We'll call back later today. Thank you for choosing CVS Pharmacy. Goodbye.

16. Plaintiff received the first of these wrong number robocalls on November 28, 2015. In or around December 2015, Plaintiff called the pharmacy at one of Defendant's stores, located on Del Mar Heights Road in San Diego, to inform Defendant that Plaintiff was receiving the messages in error and requested that CVS stop. The pharmacy agent told Plaintiff that there was nothing he could do, and the wrong number robocalls from Defendant persisted (indeed, Plaintiff received four such calls in April 2016, and two more calls on May 11, 2016).

17. Plaintiff has suffered a concrete injury-in-fact because the calls invade his privacy, disturb his peace, are a nuisance, and are harassing. Defendants invaded Plaintiff's right to peace and solitude, as well as his right to privacy, by making unsolicited telephone calls to him. Plaintiff purchased a phone and service plan for his use as he saw fit, and not to be trespassed upon by receiving unsolicited calls from Defendants.

18. Plaintiff is informed and believes that other persons throughout the United States have also received such wrong number robocalls from Defendant.

## LEGAL OVERVIEW

### The TCPA

19. The TCPA was enacted in 1991 in response to "[v]oluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes . . . ."

*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). Congress specifically found that "telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." TCPA, Pub. L. No. 102-243, § 2(10), 105 Stat. 2394 (1991).

20. Accordingly, 47 U.S.C. § 227(b)(1) states that: "It shall be unlawful for any person within the United States … (A) to make any call (other than a call for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … (iii) to any telephone number assigned to a … cellular telephone service ….; or (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."

21. Whether the "prior express consent" may be oral, or must be in writing, depends on when the call was made and the nature of the call. *See, e.g., In the Matter of Rules & Regulations Implementing the Telphone Consumer Protections Act of 1991*, 27 F.C.C. Rcd. 1830 (2012) (the "2012 Order"). But in the case of wrong number calls (like the ones at issue here), it is irrelevant whether the intended recipient of the call provided consent, written or otherwise, because "the TCPA requires the consent not of the intended recipient, but of the current subscriber (or non-subscriber customary user of the phone) . . .." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) (the "2015 Order") at ¶ 72 (italics added). Moreover, the "wrong number" called party need not ask for the calls to stop because "the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places the responsibility on the caller alone to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice." *Id.* at ¶ 81 (citing 47 U.S.C. § 227(b)(1)).

22. The FCC has left no doubt that "robocalls to 'wrong numbers'" violate the TCPA. *Id.* at ¶ 72 n. 256 (explaining that by "wrong numbers" it means "numbers that are misdialed or entered incorrectly into a dialing system, or that for any other reasons result in the caller making a call to a

number where the called party is different from the party the caller intended to reach or the party who gave consent to be called"). Indeed, the FCC has specifically found that the TCPA protects the subscriber recipient of a wrong number robocall "regardless of the content of the call." *See, generally, id.* at ¶ 97 (emphasis added) (denying United Healthcare Services, Inc.'s request that healthcare-related calls be immune from TCPA liability where the intended call recipient's wireless number has been reassigned to the called party).

23. Wrong number calls using a prerecorded or artificial voice are violations of the TCPA regardless of whether or not an autodialer is involved. But the FCC has cautioned that when a defendant uses an autodialer, it chooses not to ensure that it is calling an intended recipient who has provided prior express consent. In addressing calls to reassigned numbers, and other wrong number calls, the FCC explained:

> [T]he TCPA does not prohibit calls to reassigned wireless numbers, or any wrong number call for that matter. Rather, it prescribes the method by which callers must protect consumers if they choose to make calls using an autodialer, a prerecorded voice, or an artificial voice. In other words, nothing in the TCPA prevents callers from manually dialing. Callers could remove doubt by making a single call to the consumer to confirm identity. Even if the consumer does not answer, his or her voicemail greeting might identify him or her. Callers can also email consumers to confirm telephone numbers. Consumers who receive . . . health-related alerts to which they have consented, can reasonably be expected to respond to such email requests to inform callers about the number reassignments. In other words, callers have options other than the use of autodialers to discover reassignments [or wrong numbers]. If callers choose to use autodialers, however, they risk TCPA liability.

*Id.* at ¶ 84.

24. The TCPA provides for statutory penalties of between $500 and $1,500 per violation. 47 U.S.C. § 227(b)(3).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all other similarly situated persons nationwide, defined as follows:

> Recipients in the United States of artificial or prerecorded voice calls from Defendant, or a caller acting on behalf of Defendant, within the past four years seeking to have the called party purchase Defendant's goods or services, where the number called was misdialed or entered incorrectly into a dialing system, or for any other reason resulted in Defendant making a call to a number where

the called party was different from the party Defendant intended to reach or the party who consented to being called.

26. Excluded from the class definition are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities. Further excluded are Plaintiff's counsel and the assigned Judge and the Judge's family.

27. This suit seeks statutory damages under the TCPA and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. ***Numerosity.*** The Class members are so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, including based on an investigation counsel, that the proposed class contains hundreds, if not thousands, of members.

29. ***Existence and Predominance of Common Questions of Law and Fact.*** The common questions of law and fact, that arise from Defendant's uniform pattern and practice of prohibited conduct, exist as to all Class members and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant made wrong number calls to Plaintiff and the Class members;

b. Whether the calls in question were made by an autodialer, evidencing Defendant's willful choice not to ensure that the recipient was an intended caller who had provided prior express consent;

c. Whether Defendant can establish a defense to liability; and

d. The amount of statutory damages to be awarded to Plaintiff and each Class member per violation.

30. ***Typicality.*** The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought is common. Plaintiff, like all members of the Class, received at least one wrong number robocall

from Defendant and, thus, Plaintiff and the Class members were exposed to virtually identical conduct. Moreover, Plaintiff seeks the same relief as the Class members.

31. ***Adequacy of Representation.*** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and he has no conflict of interest with other Class members. Plaintiff has also retained experienced counsel who are competent in multi-party, class, and civil litigation.

32. Plaintiff seeks on behalf of himself and the Class members, on grounds generally applicable to the entire Class: a determination of liability; injunctive relief; the maximum statutory damages permitted by the TCPA; and attorneys' fees and costs.

33. ***Superiority.*** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the likelihood of individual class members prosecuting separate claims is remote, and individual class members do not have a significant interest in individually controlling the prosecution of separate actions. In this action the statutory damages to which each individual Class member is entitled are relatively small, and the expense and burden of individual litigation would make it impracticable for proposed class members to prosecute their claims individually. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them, thereby allowing Defendant's unlawful conduct to continue unabated. Furthermore, even if Class members could afford such individualized litigation, the court system could not: individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, and it would increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class-action device provides the benefits of adjudication of these issues in a single proceeding, uniformity of decision, and comprehensive supervision by a single court, and it presents no unusual management difficulties under the circumstances here.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**

**(47 .S.C. § 227 et seq.)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant's wrong number robocalls to Plaintiff and the Class members constitute numerous violations of the provisions of the TCPA, including 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B).

36. Defendant's use of an autodialer in making the calls at issue demonstrates that Defendant willfully called Plaintiff and the Class members without ensuring that they were intended recipients who had provided prior express consent to being called.

37. As a result of Defendant's violations of the TCPA, Plaintiff and the nationwide TCPA class are entitled to injunctive relief, as well as an award of $500.00 to $1,500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF PRAYS FOR A JUDGMENT:

A. Certifying this case as a class action to afford the putative Class members the procedural benefit of the class-action device and to avoid the multiplicity of individual actions;

B. Certifying Plaintiff as the class representative, and certifying his attorneys, Todd Carpenter of Carlson Lynch, and Deval Zaveri and James Tabb of Zaveri Tabb, APC, as Counsel for the Class;

C. Awarding Plaintiff and the nationwide TCPA class members injunctive relief and the maximum statutory damages permissible pursuant to 47 U.S.C. § 227(b)(3);

D. Awarding Plaintiff and the Class members pre-judgment and post-judgment interest;

E. Awarding Plaintiff and the Class members attorneys' fees and costs; and

F. Awarding Plaintiff and the Class members such other and further relief as may be appropriate.

Dated: May 26, 2016

By: /s/ Deval Zaveri
Deval R. Zaveri

Todd Carpenter
CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Fax: (619) 756-6991
tcarpenter@carlsonlynch.com

Deval R. Zaveri
James A. Tabb
ZAVERI TABB, APC
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 398-4768
Fax: (619) 756-6991
dev@zaveritabb.com
jimmy@zaveritabb.com

Attorneys for Representative Plaintiff Robert Dorfman



# Service of Process Transmittal

05/27/2016
CT Log Number 529243642

**TO:** Serviceof Process
CVS Pharmacy, Inc.
1 Cvs Dr, Mail Code 1160
Woonsocket, RI 02895-6195

**RE:** **Process Served in California**

**FOR:** CVS Pharmacy, Inc. (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT DORFMAN, on behalf of himself and all others similarly situated, Pltf. vs. CVS PHARMACY, et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Notice(s), Complaint, Attachment(s), Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201600017884CUNPCTL |
| **NATURE OF ACTION:** | Violation of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/27/2016 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Todd Carpenter<br>KILPELA & CARPENTER, LLP<br>402 West Broadway, 29th Floor<br>San Diego,, CA 92101<br>(619) 756-6994 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/28/2016, Expected Purge Date: 06/02/2016<br><br>Image SOP<br><br>Email Notification, Serviceof Process Service_of_Process@cvs.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**05/26/2016** at 12:38:31 PM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CVS PHARMACY, a Rhode Island corporation, and DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ROBERT DORFMAN, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central
330 W. Broadway
San Diego, CA. 92101

CASE NUMBER:
*(Número del Caso):*
37-2016-00017884-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd D. Carpenter (CA 234464) 402 West Broadway, 29th Floor, San Diego, California 92101, 619.756.6994

DATE: ~~May 26, 2016~~ 05/27/2016
*(Fecha)*

Clerk, by J. Pascual
*(Secretario)*

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: CVS Pharmacy, a Rhode Island corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd Carpenter (SBN 234464)
Carlson Lynch Sweet Kilpela & Carpenter, LLP
402 West Broadway, 29th Floor
San Diego, California 92101
TELEPHONE NO.: (619) 756-6994 FAX NO.: (619) 756-6991
ATTORNEY FOR (Name): Plaintiff Robert Dorfman

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/26/2016** at 12:38:31 PM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
Robert Dorfman v. CVS Pharmacy

**CIVIL CASE COVER SHEET**

[✓] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2016-00017884-CU-NP-CTL

JUDGE: Judge Eddie C Sturgeon
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2016
Deval R. Zaveri
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7067

PLAINTIFF(S) / PETITIONER(S): Robert Dorfman

DEFENDANT(S) / RESPONDENT(S): CVS Pharmacy

DORFMAN VS CVS PHARMACY [E-FILED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE**

CASE NUMBER: 37-2016-00017884-CU-NP-CTL

**CASE ASSIGNMENT**

Judge: Eddie C Sturgeon

Department: C-67

**COMPLAINT/PETITION FILED:** 05/26/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/04/2016 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00017884-CU-NP-CTL CASE TITLE: Dorfman vs CVS Pharmacy [E-FILED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Robert Dorfman | |
| DEFENDANT(S): CVS Pharmacy | |
| SHORT TITLE: DORFMAN VS CVS PHARMACY [E-FILED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2016-00017884-CU-NP-CTL |

Judge: Eddie C Sturgeon

Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________

Date: ______________________

Name of Plaintiff

Name of Defendant

Signature

Signature

Name of Plaintiff's Attorney

Name of Defendant's Attorney

Signature

Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/27/2016

JUDGE OF THE SUPERIOR COURT