**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT DORFMAN, Individually and on behalf of himself and all others similarly situated, ) ) ) ) | |
| | Case No. 1:17-cv-00156 |
| Plaintiff, ) ) | |
| | Hon. Judge Elaine Bucklo |
| v. ) ) | |
| CVS PHARMACY, INC., a Rhode Island corporation, ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CVS'S
MOTION TO DISMISS OR IN THE ALTERNATIVE STAY
<u>PURSUANT TO THE FIRST-TO-FILE DOCTRINE</u>**

David S. Almeida, Esq.
dalmeida@sheppardmullin.com
Mark S. Eisen, Esq.
meisen@sheppardmullin.com
**SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for CVS Pharmacy, Inc.*

CVS Pharmacy, Inc. ("CVS"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss or in the Alternative Stay Pursuant to the First-to-File Doctrine.

## PRELIMINARY STATEMENT

As Plaintiff's counsel is well aware, a substantively identical putative class action against CVS Pharmacy, Inc. has been proceeding in this District for more than two and a half years. *See Lowe v. CVS Pharmacy, Inc.*, No. 14-cv-03687 (N.D. Ill.). In *Lowe*, fact discovery has concluded, expert discovery is wrapping up and briefing on class certification will begin shortly. Judge Lee has already appointed interim lead class counsel in that action whose role is to litigate on behalf of putative class members like Plaintiff.

Indeed, on January 9, 2017, Judge Janis Sammartino transferred this case from the Southern District of California because "the threshold requirements for the first-to-file rule [were] met," and reserved for the transferee court whether to stay or dismiss this action. (DE 14-1 at 8.) Judge Sammartino held that the issues and putative class in the *Lowe* action were substantially similar to the issues and putative class in the *Dorfman* action. (*See id.* at 6.) In other words, both cases involve nearly identical TCPA class actions against CVS. (*See id.*)

This case should now be dismissed or stayed pursuant to the first-to-file doctrine to avoid upending Judge Lee's appointment of lead class counsel and the years of litigation that preceded it. As Judge Sammartino held, the parties, claims and relief sought in both cases are substantially identical. There is, simply put, no reason for this case to proceed independently. Plaintiff Dorfman is already a putative class member in the *Lowe* action, and already has interim lead class counsel appointed to protect his interests. Likewise, the putative class in *Lowe* largely envelops Plaintiff Dorfman's putative class and claims. Should the plaintiffs in *Lowe* pursue the

class as set forth in the operative complaint, Plaintiff and most, if not substantially all, of his putative class would immediately become putative class members.

The first-to-file rule warrants dismissal of this action. The parties in *Lowe* have already engaged in two years of extensive discovery, including written discovery, document production, and depositions of fact and expert witnesses. Fact discovery has concluded, expert discovery is wrapping up and class certification briefing will follow shortly. Plaintiff is a putative class member in *Lowe*, with interim lead class counsel already appointed. Although CVS believes no class should be certified in *Lowe*, if nonetheless, a class is certified over CVS's objections, Plaintiff will either remain in the class or opt out, and at that point can pursue his own action. At the least, however, this case should be stayed while class certification is evaluated in *Lowe*.

## BACKGROUND

### I. THE *LOWE V. CVS PHARMACY, INC.* TCPA CLASS ACTION.

On May 20, 2014, Plaintiffs Carl Lowe and Kearby Kaiser filed the action captioned *Lowe v. CVS Pharmacy, Inc.*, No. 14-cv-03687 (N.D. Ill.), pending before Judge Lee. In sum, the *Lowe* case stems from alleged violations of the TCPA, and also includes a claim for violation of the Illinois state TCPA analog. (*See id.*, DE 82.)

Since the filing of the complaint in *Lowe*, the parties there have engaged in extensive discovery and motion practice, which has included written discovery, document production, depositions and multiple motions concerning call data and consent pertaining to the putative class at issue. Fact discovery has concluded, following approximately two years of discovery, and expert discovery is scheduled to conclude by March, 2017. (*See id.*, DE 257.)

2

Both Plaintiffs Lowe and Kaiser contend they received unsolicited prescription refill calls from CVS on their cell phones intended for a different individual. (*See* DE 82 ¶¶ 26-46.) They seek to certify the following class:

> All persons whose cellular telephone number CVS or someone on CVS's behalf called, on or after May 20, 2010, using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention, where one purpose of the call was to encourage the recipient to make a new purchase of goods or services.

(*Id.* ¶ 59.) Class certification briefing is set to conclude by May 26, 2017. (*Id.*, DE 257.)

On August 22, 2016, as a result of the multiple competing TCPA actions pending against CVS, including this action, Plaintiffs' counsel in *Lowe* moved to be appointed interim lead class counsel. That motion was granted on August 31, 2016. (*See* DE 256.) [1]

## II. THE *DORFMAN V. CVS PHARMACY, INC.* TCPA CLASS ACTION.

### A. Plaintiff's Allegations & Putative Class.

On May 26, 2016, Plaintiff Dorfman filed the instant action against CVS Pharmacy, Inc. in San Diego County Superior Court. The case was subsequently removed to the United States District Court for the Southern District of California on June 23, 2016. (*See* DE 1-3.) [2] The *Dorfman* case likewise involves alleged TCPA violations.

Like Plaintiff Lowe, Plaintiff Dorfman contends that CVS was attempting to reach someone other than himself. Dorfman contends he received prescription calls on his cell phone concerning an individual named "John." (*Id.* ¶¶ 12-14.)

---

[1] A true and correct copy of the operative First Amended Complaint in *Lowe* is attached hereto as Exhibit A. A true and correct copy of the *Lowe* docket as of February 13, 2017 is attached hereto as Exhibit B. A true and correct copy of the order granting the motion for appointment as interim lead class counsel is attached as Exhibit C.

[2] Unless otherwise noted, all docket citations from this point forward are in reference to *Dorfman v. CVS Pharmacy, Inc.*, No. 17-cv-00156 (N.D. Ill.).

Through the *Dorfman* action, Plaintiff seeks to certify the following TCPA class:

> Recipients in the United States of artificial or prerecorded voice calls from Defendant, or a caller acting on behalf of Defendant, within the past four years seeking to have the called party purchase Defendant's goods or services, where the number called was misdialed or entered incorrectly into a dialing system, or for any other reason resulted in Defendant making a call to a number where the called party was different from the party Defendant intended to reach or the party who consented to being called.

(*Id.* ¶ 25.). It is thus readily apparent from Plaintiff Dorfman's class definition—which is limited to misdialed or incorrectly dialed parties—that his putative class is largely, if not entirely, subsumed by the broader putative class definition in *Lowe*. In other words, if the class is certified in *Lowe*, Plaintiff Dorfman would be a class member.

### B. Judge Sammartino's Transfer Order.

On June 23, 2016, CVS moved to dismiss or, in the alternative, transfer or stay this action pursuant to the first-to-file doctrine in light of the *Lowe* action. (*See* DE 3.) On January 9, 2017, following full briefing of CVS's motion, Judge Sammartino granted CVS's motion and transferred this action to the Northern District of Illinois. (*See* DE 14-1.)

In transferring this action, Judge Sammartino analyzed (i) the chronological order of the actions, (ii) the similarity of the parties and (iii) the similarity of the actions. (*See id.*) First, the Court found that the chronology of the two actions—with *Lowe* preceding *Dorfman* by over two years—weighed in favor of applying the first-to-file doctrine. (*See id.* at 4.) Second, the Court held that "there is substantial overlap and similarity between the parties," noting specifically that "at least some—if not a majority—of calls made by CVS to putative plaintiffs in *Dorfman*'s class . . . would in turn be covered by the *Lowe* class." (*Id.* at 5.) And third, the Court held that both *Lowe* and *Dorfman* "involve alleged violations of the TCPA by CVS, both allege factually similar calls from CVS" and will involve largely duplicative discovery. (*Id.* at 6.) The Court

4

determined that the appropriate course of action was to transfer the *Dorfman* action to the Northern District of Illinois, and allow the transferee court to either consolidate, dismiss or stay the *Dorfman* action as appropriate. (*See id.* at 7-8, citing *Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at *11 (N.D. Cal. Apr. 15, 2014) (holding the transferee court is in the best position to determine how to handle the case).)

## DISCUSSION

### I. THE FIRST-TO-FILE RULE.

District courts "have the inherent power" to dismiss duplicative and overlapping litigation. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). To that end, the Seventh Circuit has long adhered to the "general rule" that "a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotations and citation omitted). In sum, the first-to-file rule in this Circuit is treated as a flexible rule of comity. *See, e.g.*, *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012).

Courts in this Circuit apply the first-to-file rule where "the claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012). Exact parallelism, however, is not required—"[r]ather, it is sufficient if the issues substantial[ly] overlap." *Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) (internal quotations and citation omitted, alteration in original); *see also Serlin*, 3 F.3d at 223 (affirming the dismissal of the second-filed action). Courts may decline to apply the first-to-file rule where, for example, the

5

first action constitutes an "improper anticipatory filing." *Serta, Inc. v. Oleg Cassini, Inc.*, No. 11-CV-8004, 2012 WL 2503959, at *2 (N.D. Ill. June 28, 2012).[3]

## II. THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE AS THE PARTIES, CLAIMS AND RELIEF ARE IDENTICAL.

As courts in this District have held, "when two similar actions are filed, district courts dismiss, stay, or transfer the second-filed suit." *Serta*, 2012 WL 2503959, at *2; *see also Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1008 (N.D. Ill. 2009) ("[W]here deference to the first-filed action is consistent with considerations of judicial and litigant economy, and the just and effective disposition of disputes, the first to file rule provides courts seeking to avoid duplicative litigation with some guidance.") (internal citation omitted). There can be no doubt that "wise judicial administration" mandates the dismissal of this action. *Serlin*, 3 F.3d at 223.

### A. The *Dorfman* Actions Is Entirely Duplicative of *Lowe*.

As Judge Sammartino held, both suits involve putative TCPA class actions against CVS for prescription refill calls, seeking identical relief. (*See* DE 14-1 at 6.) The putative class set forth in the operative complaint in *Lowe* largely subsumes the putative class in *Dorfman*. A brief chart indicates the clear similarity:

| *Lowe v. CVS* | *Dorfman v. CVS* |
|---|---|
| **Defendant**: CVS Pharmacy[4] | **Defendant**: CVS Pharmacy |
| **Claim**: Unsolicited calls | **Claim**: Unsolicited calls |

---

[3] While this Court has noted that the first-to-file rule is not rigidly applied, the first-to-file rule has added weight where the first-filed action is not a declaratory judgment action and there is no risk of an anticipatory filing. *See, e.g.*, *McGreal v. Semke*, 836 F. Supp. 2d 735, 738 (N.D. Ill. 2011) (Bucklo, J.).

[4] *Lowe* names as additional defendants CVS's MinuteClinic and vendor West Corporation. Judge Sammartino found that the presence of these additional defendants was not relevant to the analysis. (*See* DE 14-1 at 5 n.3.)

6

| **Relief**: Injunctive relief and statutory damages | **Relief**: Injunctive relief and statutory damages |
|---|---|
| **Class Definition**: All persons whose cellular telephone number CVS or someone on CVS's behalf called, on or after May 20, 2010, using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention, where one purpose of the call was to encourage the recipient to make a new purchase of goods or services. | **Class Definition**: Recipients in the United States of artificial or prerecorded voice calls from Defendant, or a caller acting on behalf of Defendant, within the past four years seeking to have the called party purchase Defendant's goods or services, where the number called was misdialed or entered incorrectly into a dialing system, or for any other reason resulted in Defendant making a call to a number where the called party was different from the party Defendant intended to reach or the party who consented to being called. |

It is clear that the putative class in *Dorfman* is simply the subset of *Lowe* whose numbers were "misdialed or entered incorrectly into a dialing system," and the cases are otherwise nearly identical. These overwhelming similarities make evident that the cases are duplicative and the *Dorfman* action should be dismissed. *See, e.g.*, *Humphrey*, 2014 WL 3511498, at *1 (applying first-to-file rule to TCPA class actions); *Askin*, 2012 WL 517491, at *3 ("[T]he claims underlying the separate actions are substantially the same.).

In the class action context, the first-to-file rule warrants particular deference as there becomes a substantial risk of overlapping and inconsistent classes, not to mention the risk of conflicting orders along the way. *See, e.g.*, *Askin*, 2012 WL 517491, at *4 ("[F]or purposes of the first-to-file analysis, courts routinely look to the similarities of the proposed classes even where the court has not yet ruled on the certification question."); *Humphrey*, 2014 WL 3511498, at *3 ("In cases like this, the relevant question is whether the class members would be the same in the two actions, not whether the named plaintiffs are the same."); *Moore v. Morgan Stanley & Co.*, No. CIV. A. 07 C 5606, 2007 WL 4354987, at *2 (N.D. Ill. Dec. 6, 2007) ("[I]t is readily apparent that twelve of the fourteen named plaintiffs here are members of the proposed class in *Jaffe*."); *Herman v. YellowPages.Com, LLC*, No. 10CV0195 JAH AJB, 2011 WL 1615174, at *4

7

(S.D. Cal. Mar. 29, 2011) ([T]he record reflects that the classes at issue are the same, with the Kowalski class of New Jersey customers being subsumed by the Herman nationwide class of YellowPages.com advertising customers."); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013) ("In addition, the class periods in the actions overlap substantially."); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-CV-00696-YGR, 2013 WL 3476801, at *5 (N.D. Cal. July 10, 2013) (transferring case to the Eastern District of New York where "[t]he class periods in the actions overlap significantly").

Judge Ellis recently conducted a first-to-file analysis in the TCPA context, which is directly on point here. In *Humphrey v. United Healthcare Services*, the plaintiff filed his putative TCPA class action six months after a similar case was filed in the Eastern District of California related to allegedly unsolicited phone calls. *See* 2014 WL 3511498, at *1. Judge Ellis determined that "cases are identical if they involve the same issues and the same parties" and "substantially overlap." *Id.* at *2 (internal quotations and citation omitted). Like this action, Judge Ellis held that the same core factual allegations were present in both cases—namely, both pertained to informational calls placed by United Healthcare, and both involved overlapping class definitions—and transferred the second-filed action. *Id.*

Plaintiff will likely argue that his case differs from the *Lowe* action insofar as he seeks to represent those who received calls on cell phones *and* landlines, while *Lowe* involves solely cell phone calls. (*See* DE 14-1 at 4-5.) This distinction is irrelevant for three reasons. First, as Judge Sammartino held, "the device on which a putative plaintiff received a complained-of communication is not alone sufficient to overcome the overall substantial similarity between both classes." (*Id.* at 5.) Second, Plaintiff himself only received calls on his cell phone and thus likely cannot represent those who received landline calls. (*See id.* at 5; *see also* DE 1-3 ¶ 12.)

8

Indeed, Judge Sammartino specifically noted that "there is a reasonable question concerning whether Plaintiff can represent a class that received calls on landlines," given Plaintiff only received calls on his cell phone. (DE 14-1 at 5.) And third, even if Plaintiff could represent landline call recipients, health care calls to landlines are *exempt* from liability under the TCPA, even to the wrong number. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1852 (2012); 47 C.F.R. § 64.1200(a)(3)(v). The only calls at issue in Plaintiff's case are prescription refill calls, which clearly constitute "health care" calls. Accordingly, the distinctions between *Lowe* and *Dorfman* are immaterial and should be ignored here. *See, e.g.*, *Moore*, 2007 WL 4354987, at *2 (ignoring "differences [that] are not central to the class claims in both cases"). The heart of the factual and class allegations in both *Lowe* and *Dorfman* are identical: allegedly unsolicited prescription refill calls received from CVS. *See, e.g.*, *Humphrey*, 2014 WL 3511498, at *2 (finding it sufficient that the issues "substantially overlap"); *Askin*, 2012 WL 517491, at *4 ("Looking at the putative classes described here and in the consolidated complaint in California, there is little doubt that there is substantial, if not complete, overlap."). There can be little doubt that if the class as detailed in the operative *Lowe* complaint is certified, Plaintiff and most of his putative class will instantly become class members.

      **B.    This Action Should be Dismissed so as to Avoid Disrupting the Long-Pending *Lowe* Matter.**

The *Lowe* action has proceeded for two and a half years. Comprehensive fact and class discovery has been undertaken and completed. Expert discovery is currently underway and will be completed within the next month. (*See* No. 14-cv-3687, DE 257.) Class certification briefing

will begin by April and is set to be completed by May. (*Id.*) And, crucially, interim lead class counsel has already been appointed. (*See id.*, DE 256.)[5]

With the above in mind, Plaintiff Dorfman already has interim lead class counsel protecting his rights. *See, e.g.*, Manual for Complex Litigation (4th) § 21.11 ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."); *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (appointing interim lead class counsel to act on behalf of the putative class). If *Lowe* is certified or settles, Plaintiff Dorfman remains free to opt out and pursue his own independent claim if he so desires; his claim will remain tolled in the interim. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). If certification is denied or if the plaintiffs in *Lowe* seek to certify a narrower class than that set forth in their complaint, Plaintiff Dorfman may then choose to move forward, either individually or as a putative class action with the advantage of developments in *Lowe* that will no doubt shape his decision to continue. There is thus no reason for Plaintiff Dorfman to proceed at this time with his own separate putative class action. He will suffer no conceivable prejudice whatsoever through dismissal of this action.

To give teeth to Judge Lee's order appointing interim lead class counsel—and to further judicial economy—this action should be dismissed without prejudice. *See, e.g.*, *Serlin*, 3 F.3d at

---

[5] The pendency of the *Dorfman* action triggered, in part, the request in *Lowe* for the appointment of interim lead class counsel. (*See* No. 14-cv-3687, DE 253 at 1-4.)

223 ("[A] federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.") (internal quotations and citation omitted). A competing, duplicative class action not only runs directly contrary to the purposes of appointing interim lead class counsel, but is antithetical to sound judicial administration. While CVS recognizes that dismissal in favor of the first-filed action is not typical in this Circuit, it is warranted in this unusual circumstance where interim lead class counsel has already been appointed in the first-filed action, which is proceeding swiftly to class certification briefing, and, because the statute of limitations is already tolled, no prejudice could possibly befall Plaintiff Dorfman through dismissal.

### C. At the Very Least, this Action Should be Stayed Pending the Outcome of Class Certification in *Lowe*.

Alternatively, should this Court determine that dismissal is not warranted, this action should be stayed pending a decision on class certification in *Lowe*. In determining whether to stay a second-filed case, courts in this District consider (i) whether a stay will unfairly prejudice the non-moving party, (ii) whether a stay will simply or streamline the issues and (iii) whether a stay will further judicial economy and ease the burden of litigation on the parties and the court. *See Askin*, 2012 WL 517491, at *6.

All three of these factors are clearly met here. Plaintiff Dorfman cannot possibly be prejudiced by waiting for Judge Lee to evaluate class certification in *Lowe*. He is a putative class member in the proposed class set forth in the *Lowe* complaint and has interim lead class counsel appointed to protect his interests. A stay of this case will be brief, as class certification briefing will conclude by May 26, 2017, less than four months from the date of this motion. (*See* No. 14-cv-3687, DE 257.) Further, because a ruling on class certification in *Lowe* can fundamentally alter, if not subsume this action, a stay will certainly simplify and streamline the issues at hand.

And finally, a stay will greatly further sound judicial economy and administration, enabling this Court to avoid revisiting issues that have already been decided in *Lowe* and potentially reaching conflicting outcomes. *Id.*; *see also Pfizer*, 640 F. Supp. 2d at 1010–11 ("In view of its obligation to avoid duplicative litigation, the inevitable waste of judicial and party resources that will result if both this action and the identical Delaware action proceed, and its conclusion that a slight delay will not cause Apotex undue prejudice, the Court concludes that the entry of a stay is appropriate in this case.").

As this Court recognized in analogous circumstances, a stay pending the resolution of a case that could greatly impact the case before the court is appropriate, especially in the TCPA class action context, where "[d]iscovery is expensive and . . . it is mostly the attorneys who benefit from these cases." *Fauley v. Royal Canin*, No 15-cv-2170, DE 23 (N.D. Ill. May 22, 2015) (Bucklo, J.). Accordingly, as an alternative to dismissing this action, a stay is appropriate.

## CONCLUSION

For the foregoing reasons, CVS respectfully requests this Honorable Court to (i) dismiss Plaintiff's Complaint pursuant to the first-to-file rule; (ii) alternatively, stay this action pending the outcome of class certification in the *Lowe* action; and (iii) award all other relief deemed equitable and just.

DATED: February 13, 2017      **SHEPPARD MULLIN**
                              **RICHTER & HAMPTON LLP**

                              By: /s/ David S. Almeida
                                   One of Its Attorneys

David S. Almeida, Esq.
dalmeida@sheppardmullin.com
Mark S. Eisen, Esq.
meisen@sheppardmullin.com
**SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for CVS Pharmacy, Inc.*

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF CVS'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PURSUANT TO THE FIRST-TO-FILE DOCTRINE** was served upon all interested parties using this Court's ECF filing system this 13th day of February, 2017.

/s/ David S. Almeida